IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ABRAHAM G. PINZON, ) <br> ) <br> Plaintiff *pro se*, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ) <br> ADMINISTRATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 24-cv-01246-LKG <br><br> Dated: January 14, 2025 |

**MEMORANDUM OPINION**

I.     **INTRODUCTION**

Plaintiff *pro se*, Abraham G. Pinzon, brings this civil action against the Defendants, the Social Security Administration and Judge Rebecca Rubin of the United States District Court for the District of Maryland, Judge Laurel Beeler of the United States District Court for the Northern District of California, Judge Aracelli Martinez Olquin of the United States District Court for the Northern District of California, Judge Deborah Barnes of the Eastern District of California, and Chief Judge Kimberly Mueller of the United States District Court for the Eastern District of California (collectively, the "Judicial Defendants"). ECF No. 1. The Defendants, by and through, Erek L. Barron, United States Attorney for the District of Maryland, have moved to dismiss the complaint pursuant to Rules 8, 12(b)(1), (5) and (6) of the Federal Rules of Civil Procedure. ECF No. 15. The motion is fully briefed. ECF Nos. 15, 20. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss and (2) **DISMISSES** the complaint.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff *pro se*, Abraham G. Pinzon, brings this civil action against the Defendants, the Social Security Administration, Judge Rebecca Rubin of the United States District Court for the District of Maryland, Judge Laurel Beeler of the United States District Court for the Northern District of California, Judge Aracelli Martinez Olquin of the United States District Court for the Northern District of California, Judge Deborah Barnes of the Eastern District of California, and

Chief Judge Kimberly Mueller of the United States District Court for the Eastern District of California. ECF No. 1. The Plaintiff is proceeding without the assistance of counsel and the complaint is difficult to follow. But, it appears that the Plaintiff seeks to, among other things, challenge certain rulings and decisions made by the Judicial Defendants in other cases and to obtain certain injunctive relief with regards to his social security benefits. ECF No. 1.

### III. LEGAL STANDARDS

#### A. *Pro se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the second amended complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

#### B. Rule 12(b)(5)

The United States Court of Appeals for the Fourth Circuit has held that the question of whether a plaintiff has properly served the summons and complaint is appropriately raised in a motion to dismiss pursuant to Rule 12(b)(5). *Quinn v. Copart of Connecticut, Inc.,* 791 F. App'x. 393, 394 (4th Cir. 2019). When the sufficiency of service of process is challenged, the plaintiff bears the burden of establishing that service is valid. *Parker v. Am. Brokers Conduit,* 179 F. Supp. 3d 509, 514 n.8 (D. Md. 2016). Where the plaintiff has not properly served process, dismissal is appropriate. *Conyers v. Dep't of Com.*, No. 8:17-cv-01370-GLH, 2018 WL 1947073, at *3 (D. Md. Apr. 24, 2018).

#### C. Rule 12(b)(1)

A motion to dismiss based on lack of subject-matter jurisdiction under Rule 12(b)(1) addresses whether the Court has the competence or authority to hear and decide a particular case. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). In this regard, the Fourth Circuit has held that a plaintiff bears the burden of proving that subject-matter jurisdiction exists.

*See Evans v. B.F. Perkins C*o., 166 F.3d 642, 647 (4th Cir. 1999). And so, the Court should dismiss a case for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the Court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

### D. Rule 8 And 12(b)(6)

Lastly, under Fed. R. Civ. P. 8(a), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Inc,.* 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### IV.  ANALYSIS

The Defendants have moved to dismiss the complaint upon the following four grounds: (1) the Plaintiff has not effected proper service; (2) absolute judicial immunity bars the Plaintiff's claims against the Judicial Defendants; (3) the Plaintiff's claims must be dismissed for lack of subject-matter jurisdiction and (4) the complaint fails to state a plausible claim against the Defendants. ECF No. 15. The Plaintiff does not substantively respond to the Defendants' arguments in his response in opposition to their motion to dismiss. ECF No. 20. Because the unrebutted evidence and a careful reading of the complaint show that the Plaintiff has not effected proper service, judicial immunity bars the Plaintiff's claims against the Judicial

Defendants, the Plaintiff has not established subject-matter jurisdiction and the complaint fails to state a plausible claim against the Defendants, the Court (1) GRANTS the Defendants' motion to dismiss and (2) DISMISSES the complaint.

### A. The Plaintiff Has Not Effected Proper Service

As an initial matter, the Plaintiff has not shown that he has properly served all Defendants in this case. Fed. R. Civ. P. 4 requires that the Plaintiff serve the Defendants with a proper summons and a copy of the complaint. Fed R. Civ. P. 4(c)(1). In this case, the Plaintiff brings claims against several officers and an agency of the United States. ECF No. 1. Given this, the Plaintiff must serve the U.S. Attorney for the district where the suit is filed, the U.S. Attorney General, and the officer or agency. Fed R. Civ. P. 4(i). And so, the Plaintiff has an obligation to effect proper service on the Defendants in accordance with this Rule.

But it is undisputed that the Plaintiff did not serve the United States Attorney for this District with a summons that bears the seal of this Court as required by Rule 4. ECF No. 15 (Def. Exhibit 1.). And so, the Court must dismiss the complaint. *See Conyers*, 2018 WL 1947073, at * 3 (failure to properly serve federal defendants provides grounds for dismissal); *see also Johnson v. Azar*, No. GJH-20-2091, 2022 WL 874936, at *5 (D. Md. Mar. 24, 2022) (A failure to properly serve federal defendants warrants a dismissal under Rule 12(b)(5), despite a plaintiff's *pro se* status). And so, the Court DISMISSES the complaint, pursuant to Rule 12(b)(5).

### B. Absolute Judicial Immunity Bars The Claims Against Judicial Officers

The Court must also dismiss the Plaintiff's clams against Defendants Judge Rebecca Rubin, Judge Laurel Beeler, Judge Aracelli Martinez Olquin, Judge Deborah Barnes and Chief Judge Kimberly Mueller, because such claims are barred by the doctrine of judicial immunity. This Court has recognized that the doctrine of judicial immunity shields judges from claims for damages in both their official and individual capacities. *Cochran v. Mahoney*, Civ. No. JKB-21-2323, 2021 WL 4503065, at *1 (D. Md. Sept. 29, 2021); *see also Westfall v. Tichnell*, Civ. No. GJH-20-0271, 2021 WL 2434432, at *3 (D. Md. June 15, 2021); *Miller v. Purpura*, No. JKB-21-3206, 2022 WL 3083440, at *1 (D. Md. Aug. 3, 2022). Judicial immunity is an absolute immunity, that is intended to protect the judicial process. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). While generally judicial immunity does not apply to claims for equitable relief, a complaint seeking a declaration of past wrongdoing by a judge is barred by absolute judicial

immunity. *Miller v. Purpura*, No. JKB-21-cv-3206, 2022 WL 3083440, at *2 (D. Md. Aug. 3, 2022) (citing *Black v. West Virginia*, No. 19-0561, 2019 WL 4866216, at *6 (S.D.W. Va. Sept. 11, 2019)); *Garrison v. Case*, No. JKB-21-2125, 2021 WL 6000024, at *2 (D. Md. Dec. 12, 2021) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

In this case, the Plaintiff's complaint is difficult to decipher. But, it appears that the Plaintiff seeks to challenge certain rulings and decisions made by these Judicial Defendants in other cases. ECF No. 1. As the Defendants correctly observe, such claims are "precisely the type of judicial action[s] covered by judicial immunity." ECF No. 15 at 8; *see also Garrison*, 2021 WL 6000024, at *2. And so, the Court agrees with the Defendants that the doctrine of judicial immunity bars the Plaintiff's claims against the Judicial Defendants.

### C. The Plaintiff Has Not Established Jurisdiction

The Plaintiff has also not shown that the Court possesses subject-matter jurisdiction to consider his claims. It is well-established that the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Given this, the facts to show the existence of subject-matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). It is also well-established that the United States and its agencies, officials, and employees, may be sued only to the extent sovereign immunity has been expressly waived. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 476 (1994). Such a waiver of sovereign immunity must be unequivocally expressed in statutory text. *Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61 (1999); *Williams v. United States*, 242 F.3d 169, 172 (4th Cir. 2001). And so, absent a waiver of sovereign immunity, the Court has no subject-matter jurisdiction over cases against the United States Government and its officials. *Testan*, 424 U.S. at 399.

In the complaint, the Plaintiff provides a litany of statutes that appear to be the basis for his claims against the Defendants. ECF 1 at 1. The complaint also states that jurisdiction is proper because the Social Security Administration has its headquarters in the District of Maryland. *Id.* But the complaint lacks any factual allegations to establish the Court's subject-matter jurisdiction to consider the Plaintiff's claims. *See generally id.* And so, the Court must also DISMISS the complaint because the Plaintiff has not established subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

5

### D. The Complaint Fails To State A Claim

As a final matter, a careful reading of the complaint also makes clear that the Plaintiff has not sufficiently plead factual allegations to support his claims against the Defendants. The Court is cognizant of the fact that the Plaintiff is proceeding in this matter without the assistance of counsel. But the fact that the Plaintiff is proceeding *pro se* does not relieve him of the obligation to allege facts to state plausible claims against the Defendants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (although *pro se* complaints must be viewed "generous[ly,]" this does not require the Court to "conjure up questions never squarely presented to them. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments"). Even liberally construed, the complaint lacks sufficient factual allegations to put the Defendants on notice of the claims alleged in this case. ECF No. 1. And so, the Court must also DISMISS the complaint, pursuant to Rules 8 and 12(b)(6).

### V. CONCLUSION

For the forgoing reasons, the Court:

    (1) **GRANTS** the Defendants' motion to dismiss and

    (2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

                                                s/ Lydia Kay Griggsby
                                                LYDIA KAY GRIGGSBY
                                                United States District Judge